## SMITH *v.* THE TOWN OF EXETER.

If a railroad corporation is situated in another State, and the road and all property of the road are taxed in that State to the corporation on the same valuation, and at the same rate as the property of individuals, a stockholder, residing in this State, is not liable to be taxed here for his stock in the road.

PETITION for abatement of taxes, originally presented to the selectmen of Exeter, and carried to the Court of Common Pleas.

The following facts appeared in a statement agreed to by the parties:

On the first of April, 1857, the petitioner was a resident in Exeter, liable to be assessed and taxed in that town, and, in addition to other property, owned ninety-three shares in the capital stock of the Galena and Chicago Railroad, a corporation established by the laws of Illinois, and whose road and business were in that State. The par and the actual value of the shares was then one hundred dollars per share, and the road paid regular dividends. The petitioner was taxed in Exeter for the stock, at the valuation of fifty dollars per share. In February, 1858, before the filing of the petition, the petitioner was arrested

for non-payment of the taxes assessed on him in 1857, including the tax on this stock, amounting to $33.48, and paid the tax under protest.

Upon the personal application of the assessors, in April, 1857, the petitioner gave them verbally a true account of all his taxable estate; and on the 30th of January, 1858, he made due application to the selectmen to abate so much of his tax as was assessed on the shares aforesaid. The selectmen refused to abate any part of his tax, and this petition was filed on the second of March, 1858.

It was agreed that the volume of the Illinois statutes, published by Lee & Keen, in 1856, contains the laws of that State, which apply to this case, and that by the laws of Illinois no tax is assessed against the individual owners of stock in the railroad aforesaid. But in the years 1856 and 1857, the corporation was assessed and taxed in Illinois, for all its property, real and personal, according to the statutes of that State, found in the printed statutes aforesaid; that the valuation is made upon the principle of the actual value at the time, as in the case of property belonging to individuals. The valuation of the tract or superstructure is on the cost, including grading, cuts, embankments, culverts and bridges. The cost of rolling stock is $1,311,910.11; and the cost of the whole property $9,395,455.19. The amount paid by the corporation before April 10, 1858, for taxes of the year 1857, was $57,502.81.

The assessors, in 1857, when they spoke of taxing him for his stock in this road, were informed by the petitioner that all the property of the corporation was taxed in Illinois, and that he ought not to be taxed for it in this State; but no evidence under oath, or other than verbal statement, was laid before the assessors.

*Stickney,* for the petitioner.

*Marston,* for Exeter.

PERLEY, C. J. By the laws of Illinois, which are made part of this case, all property of railroad corporations is taxed to the respective corporations at the actual value, in the same manner as in the case of individuals; and the property of this road was actually appraised and taxed, according to those laws, in the year 1857, and more than $50,000 of the taxes assessed on the road that year was paid before April 10, 1857.

The whole property of the railroad belongs to the stockholders, who own the road in shares; and whatever is paid by the corporation is of course paid out of the property thus held in shares, and is deducted from the property or income of the shareholders. The tax on the corporation is, therefore, in substance, a tax on the shares and on the shareholders. The property of the road consists of the stock, and a tax on the road is in substance a tax on the stock.

By our statute, " *stock* in any corporation out of this State" is liable to be taxed here as personal property, " if not there assessed." The question in this case is, whether, to exempt the corporate property from taxation here, it is necessary that it should be taxed as stock to the individual stockholder in the foreign jurisdiction; or it is sufficient if the stock actually pays a fair and full tax through a general assessment made on the corporation; and we think that if the stock actually pays a full tax in the State where the corporation and corporate property are situated, though the payment is made through a general assessment on the corporation, that it is not liable to be taxed in this State to the stockholder residing here.

A citizen in this State has a right to invest his money in land, or other property situated abroad, and liable to be taxed there. If it is actually taxed there, the principle of the statute exempts it from a double taxation by assessment to the owner who resides in this State. If it does not bear the burden of taxation in the State where it is

situated, and is in the stock of a corporation, it is taxable here as personal property, though the corporate property may be land, or affixed to land, as in the case of a railroad. In this case the property of the stockholder, in fact and substance, paid a full tax in Illinois, where it was situated, according to the laws of that State, and was, we think, stock assessed where the corporation was situated, within the meaning of our statute.

*Tax abated.*